IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03464-RTG
(**The above civil action number must appear on all future papers sent to the Court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

JOSE RAFAEL CEDENO CAMEJO,

Applicant,

v.

WARDEN, Denver Contract Detention Facility,
GEORGE VALDEZ,
TODD LYONS,
MARKWAYNE MULLIN, and
TODD B.

Respondents.

---

ORDER TO FILE AMENDED HABEAS APPLICATION

---

Applicant Jose Rafael Cedeno Camejo is a federal immigration detainee at the Aurora Detention Center in Aurora, Colorado. Applicant has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and paid the required filing fee (ECF No. 4).

The Court must construe the application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons,

Applicant is ordered to file an amended habeas application.

**Background**

Applicant contends that his “detention has become unconstitutional and violates the Fifth Amendment of the Constitution” (ECF No. 1 at 2) and requests his immediate release or, in the alternative, a bond hearing (ECF No. 1 at 4). He states he has “an active asylum process, and the statuses that would allow [him] to complete said process have not been respected.” *Id.* Applicant has submitted a copy of his Application for Asylum and Withholding of Removal which indicates that he is a Venezuelan national and entered the United States on May 13, 2018. ECF No. 1-2 at 3-4.

The Court will now discuss the issues presented in the pleading.

Applicant’s § 2241 application must clearly allege the violation of a federal right. Habeas corpus relief is warranted only if Applicant “is in custody in violation of the Constitution or laws or treaties of the United States.” 28 U.S.C. § 2241(c)(3). Although the court must construe the application liberally, “the court cannot take on the responsibility of serving as the litigant’ s attorney in constructing arguments and searching the record.” *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), Applicant must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support of the claim. The Habeas Rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). “A prime purpose of Rule 2(c)’s demand that habeas Applicants plead

with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

In the amended application, Applicant must provide a clear statement of the claims he is asserting, along with the facts supporting each claim. Applicant should include specific factual allegations explaining:

how he entered the United States, along with the circumstances of his initial encounter with immigration authorities;

the date Applicant' s current detention began and the total time he has been in custody;

whether he has been placed in removal proceedings and, if so, when those proceedings began (for example, the issuance of a Notice to Appear) and their current status;

whether a final order of removal has been entered against him and, if so, its date - or, if no final order has been entered, the current posture of his proceedings;

if a final order of removal has been entered, whether his country of citizenship has agreed to accept him and the status of any efforts to remove him;

the status of his application for asylum; and

whether he has ever been released on bond or to supervision, the conditions of any such release, and whether and why it was revoked.

If Applicant does not include these background facts in the amended habeas corpus application, the Court cannot determine whether his detention is unlawful or whether he is entitled to habeas relief. Applicant must therefore file an amended habeas application that clearly pleads a cognizable federal claim.

**Conclusion**

Accordingly, it is

ORDERED that Applicant shall have **thirty (30) days** from the date of this order to file an amended habeas application providing a clear statement of the federal claims he is asserting and the facts supporting those claims. Applicant must include all claims and allegations in the amended habeas application. It is

FURTHER ORDERED that Applicant shall again utilize the District of Colorado' s form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that Applicant must submit a single, completed application on a court-approved form as one document that contains all claims and allegations. Applicant is advised that the Court is not required to sort through multiple pleadings to ascertain his claims or compile the required information from multiple documents. It is

FURTHER ORDERED that if Applicant fails to file an amended habeas application as directed within the time allowed, the action may be dismissed without

further notice.

DATED August 4, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge